**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, | No. 17-16685 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00587-GMS |
| v. | |
| TODD THOMAS, Warden, individually and officially as employee of the Corrections Corporation of America; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief Judge, Presiding

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Matthew James Griffin, a New Mexico state prisoner formerly incarcerated

in Arizona, appeals pro se from the district court's summary judgment in his 42

U.S.C. § 1983 action alleging First Amendment claims related to the rejection of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his incoming mail.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's decision on cross-motions for summary judgment.  *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment on Griffin's First Amendment incoming mail claim against defendants Thomas and Griego because Griffin failed to raise a genuine dispute of material fact as to whether the regulation of his incoming mail was not reasonably related to a legitimate penological interest.  *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (prison regulation that "impinges on inmates' constitutional rights" is valid "if it is reasonably related to legitimate penological interests").

The district court properly granted summary judgment for defendant Corrections Corporation of America ("CCA") because Griffin failed to raise a genuine dispute of material fact that his constitutional rights were violated.  *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (to establish a private entity's liability under § 1983, the plaintiff must show that the private entity's custom or policy violated plaintiff's constitutional rights).

The district court did not abuse its discretion by authorizing Griffin's

2

deposition to be taken telephonically.  *See Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) (setting forth standard of review and noting that "[t]he district court is given broad discretion in supervising the pretrial phase of litigation" (citation and internal quotation marks omitted)); *see also* Fed. R. Civ. P. 26(c)(1).

We lack jurisdiction to consider the district court's bill of costs because Griffin failed to file a separate or amended notice of appeal.  *See Stone v. INS*, 514 U.S. 386, 402-03 (1995) (order deciding post-judgment non-tolling motion must be separately appealed).

**AFFIRMED.**